## KAMPFE *et al. v.* ALOE *et al.*

*( Circuit Court, S. D. New York. April 28, 1888.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—RAZORS.

The first claim of letters patent No. 229,127, of June 22, 1880, to John Heitner, for an improvement upon the Monks razor, described in letters patent No. 206,473, of July 30, 1878, to John Monks, is: "The combination, with the cutting blade, of a guard-plate constructed in sections, which are hinged to fold on each other,—one adapted to support the cutting blade and the remainder forming a handle,—interstices at the junction of the blade section with the handle sections, and means for holding the blade sections substantially at a right angle to the handle sections, and holding the latter substantially flush with each other, the whole constructed and adapted for use." *Held* not infringed by the Aloe razor, the sections of whose guard-plate are not so hinged as to fold on each other.

2. SAME.

The second claim of said Heitner patent is: "The combination, with the cutting blade, of a guard-plate constructed in sections, which are hinged together, and constructed with the stops for regulating the positions of the sections, one section adapted to support the cutting blade, and the remainder forming a handle, interstices at the junction of the blade section with the handle sections, and the spring for clamping the cutting blade and holding the sections in a spread, or unfolded condition, the whole constructed and adapted for use." *Held* not infringed by the Aloe razor; the latter not having a spring which permits the sections, when not in use, to be folded together.

In Equity. Bill for infringement.

*Louis C. Raegener,* for complainants.

*James A. Hudson,* for respondents.

SHIPMAN, J. This is a bill in equity to restrain the defendants from the alleged infringement of letters patent No. 229,127, dated June 22, 1880, to John Heitner, for an improved razor. The patented invention is an improvement upon the Monks razor, which is described in letters patent No. 206,473, dated July 30, 1878, to John Monks. The Fontaine razor, first patented in France in 1879, and afterwards in this country in 1881, is of the type of the Monks razor. The Monks razor consisted of a blade-holder, which was bent at right angles, one section of which held the blade, and the other served as a handle. The blade was held in place by ears bent around its ends. The cutting edge of the

blade was adjacent to the angle in the blade-holder, and at this angle the blade-holder had a series of interstices which permitted the escape of the lather. Heitner's object was to turn the rigid blade-holder and handle into a folding razor-handle. He accomplished it by dividing the plate into three sections, which were hinged together by butt hinges so as to limit their movement, and were so hinged that the part which held the blade folded down upon the section of the handle nearest to the blade, and the third section, or the end of the handle, folded over the blade-holding section, so as to inclose the blade. The device was then folded together in book form, so that it occupied a very small space, and could be safely carried in the vest pocket. When the razor is in use, the sections are retained in a rigid position by a spring, which is pivoted to the middle section by a rivet, and which can be turned so that its free end rests upon the back of the blade and serves as a brace to keep the blade-holding section in a perpendicular position, while the other end bears upon the third section and serves as a button to hold it in line with the second section, and prevent its folding up. When the razor is not in use, the spring is turned at right angles to its former position, and parallel with the folded sides of the razor case. The invention was an ingenious and a patentable one, but it simply consisted in the method of folding, and, when unfolded, of holding the three sections in place by the laterally moving spring. The claims of the patent are as follows:

"(1) The combination, with the cutting blade, of a guard-plate constructed in sections, which are hinged to fold on each other,—one adapted to support the cutting blade, and the remainder forming a handle,—interstices at the junction of the blade section with the handle sections, and means for holding the blade sections substantially at a right angle to the handle sections, and holding the latter substantially flush with each other, the whole constructed and adapted for use, substantially as described. (2) The combination, with the cutting blade, of a guard-plate constructed in sections, which are hinged together, and constructed with the stops for regulating the positions of the sections,—one section adapted to support the cutting blade, and the remainder forming a handle,—interstices at the junction of the blade section with the handle sections, and the spring, $g$, for clamping the cutting blade and holding the sections in a spread or unfolded condition, the whole constructed and adapted for use, substantially as described."

The Aloe razor is also a folding razor, and an improvement upon the Monks implement. It is made of four sections, which are hinged together; the first constituting the blade-holder, and the other three constituting the handle. When the razor is in use the three handle sections occupy positions relatively to each other, so that when viewed edgewise they are of Y shape, the blade-holder being arranged across the open end of the Y, the second section being hinged to the blade-holder adjacent to the cutting edge of the blade, and the third and fourth sections being hinged to the opposite edge of the second section, and extending from the hinging axis in opposite directions, "the third section projecting away from the blade, and the fourth section extending towards the blade and terminating at the back of the latter." The fourth section answers the purpose of the Heitner spring in keeping the blade pressed down in its

place, and preventing any movement of the blade-holder. When the razor is to be put away, the second and fourth sections are sprung apart, so as to release the blade-holder from the fingers of the fourth section, the blade-holder drops into line with the second section, and the fourth section drops upon the second section, with which the third section is in line. The first, second, and third sections are thus in line with each other, and the fourth section lies down upon the second section. The razor is flattened out, the blade is no longer held in place, and the whole is placed in a shallow box for safe-keeping. The two devices differ in this respect: the blade-retaining spring of the Heitner razor swings laterally, and the two end sections fold upon the third, as the two ends of a sheet of note paper fold upon the middle part of the sheet. The blade-retaining section of the Aloe razor does not swing laterally; it drops upon the second section, while the other three sections fall into line with each other, and a flattened device is formed which must be put into a case. The Aloe razor is included in the literal terms of each claim of the Heitner patent, and if the claims are to receive a literal construction, there is no doubt of the infringement. I do not think that the patent should be thus construed, and include all folding razors which come within the general language of the claims. The entire scope of the Heitner invention may properly be said to consist in the manner in which the Monks razor was permitted to be folded. The spring was swung around laterally, and then, in the language of the specification, "the blade section, B', is folded down on the handle section, B", and the handle section, B'", is folded down upon the whole." The Aloe razor was folded up in a different way, and does not have the advantage of the peculiar and ingenious compactness of the Heitner device. Inasmuch as the sections of the guard-plate of the Aloe razor are not hinged to fold on each other, the first claim of the Heitner patent is not infringed; and inasmuch as the Aloe razor does not have a spring which permits the sections, when not in use, to be folded together, the second claim is not infringed. The bill is dismissed.